UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROL MACPHERSON,

    Plaintiff,

Case No. 6:18-cv-00678-GKS-DCI

v.

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

## NOTICE OF FILING AMENDED UNINSURED MOTORIST COMPLAINT

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(B), Plaintiff files her Amended Complaint, attached.

I HEREBY CERTIFY that on this 14 th day of May, 2018, a true and correct copy of the foregoing was served by electronically filing with the Clerk of Court using CM/ECF, and a copy was sent via email to Ryan Sawyer at ryan.sawyer@csklegal.com and David Evelev at david.evelev@csklegal.com.

/s/  Steven M. Meyers
Steven M. Meyers
Meyers & Stanley
1105 E. Concord Street
Orlando, FL  32803
Telephone:   (407) 849-0941
Facsimile:   (407) 849-1860
smm@meyersstanley.com
cdg@meyersstanley.com
Attorney for Plaintiff
Fla. Bar No.: 0755869

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROL MACPHERSON,

    Plaintiff,

v.

Case No. 6:18-cv-00678-GKS-DCI

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

## AMENDED UNINSURED MOTORIST COMPLAINT

Plaintiff Carol MacPherson sues the defendant, Amica Mutual Insurance Company and states:

1. This is an action for damages which exceeds seventy-five thousand dollars, exclusive of costs.

2. The actions giving rise to this complaint occurred in Orange County, Florida.

3. At all times relevant plaintiff was a citizen of Florida and resided in Orange County, Florida.

4. At all times relevant defendant was a foreign profit corporation incorporated in Rhode Island, and with a principal place of business in Rhode Island.

5. At all times relevant defendant was operating as, among other things, an automobile liability insurance company, and doing such business in Florida.

6. At all times relevant defendant was licensed to underwrite automobile liability insurance in Florida, had agents in Orange County, Florida, and was issuing automobile liability policies throughout Florida, including in Orange County.

7. On or before February 16, 2016, defendant issued plaintiff a policy of automobile liability insurance in Florida. This insurance included uninsured motorist and underinsured motorist coverage. A copy of the pertinent documents are attached to this complaint as Exhibit A. Upon information and belief plaintiff is entitled to uninsured/underinsured motorist benefits under this policy.

8. The policy of insurance described in Paragraph 7 above was in full force and effect on February 16, 2016, when plaintiff was severely injured in a motor vehicle crash described below.

9. On or about February 16, 2016, Belinda Jones owned and operated a motor vehicle in Orange County, Florida.

10. At that time and place Ms Jones negligently operated the motor vehicle so that it collided with a motor vehicle owned and operated by plaintiff.

11. As a result plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

12. Ms. Jones was uninsured or underinsured at the time of the above-referenced accident.

13. Plaintiff, Carol MacPherson, retained the undersigned attorney and is obligated to pay him a reasonable fee for his services.

14. All conditions precedent to this action have either occurred, been performed or been waived.

WHEREFORE, plaintiff, Carol MacPherson, demands judgment against defendant for damages for permanent injury, past and future lost wages, past and future medical expenses, loss of ability to earn money in the future, loss of the capacity for the enjoyment of life, pain and suffering, mental anguish, disability and disfigurement as a result of the accident described above, as well as costs and attorney's fees incurred in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff herein demand trial by jury on all issues triable by right of jury.

Dated this 14th day of May, 2018.

/s/ Steven M. Meyers
Steven M. Meyers
Meyers & Stanley
1105 E. Concord Street
Orlando, FL 32803
Telephone: (407) 849-0941
Facsimile: (407) 849-1860
smm@meyersstanley.com
cdg@meyersstanley.com
Attorney for Plaintiff
Fla. Bar No.: 0755869

960709-26AS



# Florida Personal Auto Policy

A Non-Assessable Policy

# Amica Mutual Insurance Company

| | |
|---|---|
| Corporate Office | One Hundred Amica Way<br>Lincoln, Rhode Island<br>Mail: PO Box 6008, Providence, RI 02940-6008 |
| Policyholder Service | Orlando Regional Office<br>11486 Corporate Blvd<br>Suite 160<br>Orlando, FL 32817-8350<br>1-800-662-6422 |

**READ YOUR POLICY CAREFULLY**

This policy is a legal contract between you and us. The Personal Auto Policy has been:

- designed for your easy reference
- simplified to make it more understandable; and
- arranged to better display the available coverages.

**Branch Offices Countrywide**

Away from home? Call Toll Free 1-800-24-Amica for the nearest branch office.



EXHIBIT A

Ed. 01/05

# Amica Mutual Insurance Company

Lincoln, Rhode Island

Page 1 of 3

**DECLARATIONS**

PERSONAL AUTO POLICY NO. 960709-26AS

**NAMED INSURED AND ADDRESS**
CAROL MACPHERSON
1171 RAILSIDE WAY
OAKLAND FL 34787

**POLICY PERIOD: 12:01 A.M., STANDARD TIME**
From: JULY 6, 2015
To: JULY 6, 2016

| | DESCRIPTION OF AUTO(S) OR TRAILER(S) | |
|---|---|---|
| 1 | 2010 SUBARU FORESTER 2.5X PREM AWD UT<br>VIN JF2SH6CC3AH755528<br>USE: AVERAGE DAILY MILEAGE 29 MILES | |

The Auto(s) or Trailer(s) described in this policy is principally garaged at the above address unless otherwise stated on the coverage pages.

SAFE DRIVER RATES APPLY.

| | RATES ARE BASED ON THE FOLLOWING HOUSEHOLD DRIVERS | | | | | | |
|---|---|---|---|---|---|---|---|
| | NAME | | | | | | |
| 1 | CAROL MACPHERSON | MACPH030160007 | 01 03 60 | F | S | 01 | 76 |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |

# Amica Mutual Insurance Company
Lincoln, Rhode Island

Page 2 of 3

CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO. 960709-26AS

**NAMED INSURED**
CAROL MACPHERSON

| COVERAGE | | | | | AUTO 1<br>2010 SUBA |
|---|---|---|---|---|---|
| **A. LIABILITY** $1,000,000 each person | | | | | $ 447.00 |
| Bodily Injury  $1,000,000 each accident | | | | | |
| Property Damage $ 100,000 each accident | | | | | $ 118.00 |
| **B. MEDICAL PAYMENTS** $ each person | | | | | |
| **C. UNINSURED MOTORISTS#** $1,000,000 each person | | | | | $ 329.00 |
| Bodily Injury  $1,000,000 each accident | | | | | |
| **D. DAMAGE TO YOUR AUTO** (ACV means Actual Cash Value) | | | | | |
| 1. Collision Loss   AUTO 1 | | | | | |
| ACV minus deductible of $ 500 | | | | | $ 254.00 |
| 2. Other Than Collision Loss AUTO 1 | | | | | |
| ACV minus deductible of $ 500 | | | | | $ 57.00 |
| **TOWING AND LABOR COSTS** $ 100 each disablement | | | | | $ 10.00 |
| **OPTIONAL TRANSPORTATION EXPENSES** | | | | | |
| AUTO 1 | | | | | |
| $ 30 DAY/ | | | | | |
| $ 900 MAX | | | | | $ 18.00 |
| #LIMITS NON-STACKED | | | | | |
| FL PERSONAL INJURY PROTECTION | | | | | $ 148.00 |

**GARAGING LOCATION**
1-OFF STREET

TOTAL PREMIUM  $ 1,381.00

**Amica Mutual Insurance Company**
Lincoln, Rhode Island

Page 3 of 3

CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO. 960709-26AS

NAMED INSURED
CAROL MACPHERSON

### SPECIAL DISCOUNTS

PASSIVE RESTRAINT DISCOUNT AUTO 1
ANTI-LOCK BRAKING SYSTEM AUTO 1
ANTI-THEFT DEVICE DISCOUNT AUTO 1

### Forms and Endorsements

| | |
|---|---|
| PP 00 01 01 05 | PERSONAL AUTO POLICY |
| PP 03 03 04 86 | TOWING AND LABOR COSTS COVERAGE |
| PP 05 54 07 13 | PERSONAL INJURY PROTECTION COVERAGE - FLORIDA |
| PP 03 02 06 98 | OPTIONAL LIMITS TRANSPORTATION EXPENSES COVERAGE |
| PP 13 06 01 09 | CUSTOM EQUIPMENT EXCLUSION ENDORSEMENT |
| PP 04 42 01 08 | UNINSURED MOTORISTS COVERAGE - FLORIDA (NON-STACKED) |
| PP 01 84 11 13 | AMENDMENT OF POLICY PROVISIONS - FLORIDA |
| FL 00 12 12 01 | AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS - FLORIDA |
| PP 13 01 12 99 | COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT |
| PP 03 26 06 94 | LIABILITY COVERAGE EXCLUSION ENDORSEMENT |

This policy shall not be valid unless countersigned by our authorized agent or representative.

Countersigned by......*[signature]*..........................

Authorized Representative

a. Nuclear reaction;

b. Radiation; or

c. Radioactive contamination.

11. Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:

   a. Competing in; or

   b. Practicing or preparing for;

   any prearranged or organized racing or speed contest.

### LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. **Insureds**;

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

   1. Part A or Part C of this policy; or

   2. Any Underinsured Motorists Coverage provided by this policy.

### OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for **your covered auto**, shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## PART C - UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

   1. Sustained by an **insured**; and

   2. Caused by an accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

   Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "**Insured**" as used in this Part means:

   1. You or any **family member**.

   2. Any other person **occupying your covered auto**.

   3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in 1. or 2. above.

C. "**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

   1. To which no bodily injury liability bond or policy applies at the time of the accident.

   2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged.

   3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

      a. You or any **family member**;

      b. A vehicle which you or any **family member** are **occupying**; or

      c. **Your covered auto**.

   4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

      a. Denies coverage; or

      b. Is or becomes insolvent.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member**.

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

### EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained:

1. By an **insured** while **occupying**, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By any **family member** while **occupying**, or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured**:

1. If that **insured** or the legal representative settles the **bodily injury** claim and such settlement prejudices our right to recover payment.

2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This Exclusion (B.2.) does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so. This Exclusion (B.3.) does not apply to a **family member** using **your covered auto** which is owned by you.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

D. We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

### LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds**;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A** or Part **B** of this policy; or

2. Any Underinsured Motorists Coverage provided by this policy.

C. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

D. We will not pay for any element of loss if a person entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

### OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for **your**

**covered auto**, shall be excess over any collectible insurance providing such coverage on a primary basis.

3. If the coverage under this policy is provided:

   a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If we and an **insured** do not agree:

   1. Whether that **insured** is legally entitled to recover damages; or

   2. As to the amount of damages which are recoverable by that **insured**;

from the owner or operator of an **uninsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

   1. Pay the expenses it incurs; and

   2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding as to:

   1. Whether the **insured** is legally entitled to recover damages; and

   2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

## PART D - COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment, minus any applicable deductible shown in the Declarations. If loss to more than one **your covered auto** or **non-owned auto** results from the same **collision**, only the highest applicable deductible will apply. We will pay for loss to **your covered auto** caused by:

   1. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

   2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

B. "Collision" means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered other than **collision**:

   1. Missiles or falling objects;

   2. Fire;

   3. Theft or larceny;

   4. Explosion or earthquake;

   5. Windstorm;

   6. Hail, water or flood;

   7. Malicious mischief or vandalism;

   8. Riot or civil commotion;

   9. Contact with bird or animal; or

   10. Breakage of glass.

PP 00 01 01 05　　　　　Copyright, ISO Properties, Inc., 2003　　　　　Page 8 of 14

AMICA MUTUAL INSURANCE COMPANY

```
POLICY EFFECTIVE: 07/06/15 TO 07/06/16                        POLICY NO. 960709-26AS
END. EFF. 02/24/16   PROC. DT. 02/23/16   CAR 1 OF 1          EXP. POL. 950709-26BF
MS.                                                    COUNTY: ORANGE
CAROL MACPHERSON                          ACCT DATE: 13   FIRST INSURED: 13
1171 RAILSIDE WAY
OAKLAND FL 34787                                         HOME:
                                                         BUS.:
 AYEE:



                                                  MAIL:


 ESSOR:




     DRIVERS                              BIRTHDATE  SEX  MAR/SING  PRINC.  SCHOOL
 AROL MACPHERSON                          01/03/60    F       S




-------------------------------------------------|---------------------------------
     CAR 1                                       |CODED INSTR.
 010 SUBARU FORESTER 2.5X PREM AWD UT            |
 IN: JF2SH6CC9AH901897    INSP:    CT SUSP:      |
 UR: USED  02/16     COST $ 13600                |
 ARAGE:                                          |
 SE: AVERAGE DAILY MILEAGE 29 MILESPARK: OFF     |
 DP POINTS:                                      |
-------------------------------------------------|
     COVERAGES                                   |
 I        1,000,000    @ PERSON                  |
          1,000,000    @ ACCIDENT                |
            100,000    @ ACCIDENT                |C
 ED                    @ PERSON                  |O
 4   #    1,000,000    @ PERSON                  |M
          1,000,000    @ ACCIDENT                |M
 )                                               |E
 )LL    ACV   LESS     500 DEDUCTIBLE            |N
 ?C     ACV   LESS     500 DEDUCTIBLE            |T
 )W           100      PER DISABLEMENT           |S
-------------------------------------------------|---------------------------------
 IMITS NON-STACKED                               |PP00010105PERSONAL AUTO POLICY
 , PERSONAL INJURY PROTECTION                    |PP03030486TOWING AND LABOR COSTS
                                                 |PP05540713PERSONAL INJURY PROTECT
                                                 |PP03020698OPTIONAL LIMITS TRANSPO
                                                 |PP13060109CUSTOM EQUIPMENT EXCLUS
                                                 |PP04420108UNINSURED MOTORISTS COV
                                                 |PP01841113AMENDMENT OF POLICY PRO
                                                 |FL00121201AMENDMENT OF PERSONAL A
                                                 |PP13011299COVERAGE FOR DAMAGE TO
                                                 |PP03260694LIABILITY COVERAGE EXCL
```

From: Carol MacPherson joyoussong60@gmail.com
Subject: Fwd: 2007 Accident Information
Date: February 23, 2016 at 9:39 AM
To: rallda@toddcopeland.com

Here is a picture of my current vehicle insurance policy coverage amounts.

CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO. 960709-26AS

NAMED INSURED
CAROL MACPHERSON

| | | | | | AUTO 1 2010 SUBA |
|---|---|---|---|---|---|
| A. LIABILITY | | each person | | | $ 447.00 |
| Bodily Injury | $1,000,000 | each accident | | | $ 118.00 |
| Property Damage | $1,000,000 | each accident | | | |
| | $ 100,000 | each person | | | $ 329.00 |
| B. MEDICAL PAYMENTS | $ | each person | | | |
| C. UNINSURED MOTORISTS# | $1,000,000 | each accident | | | |
| Bodily Injury | $1,000,000 | | | | |
| D. DAMAGE TO YOUR AUTO (ACV means Actual Cash Value) | | | | | |
| 1. Collision Loss | AUTO 1 | | | | $ 254.00 |
| ACV minus deductible of | $ 500 | | | | |
| 2. Other Than Collision Loss | AUTO 1 | | | | $ 57.00 |
| ACV minus deductible of | $ 500 | | | | $ 10.00 |
| TOWING AND LABOR COSTS | $ 100 | each disablement | | | |
| OPTIONAL TRANSPORTATION EXPENSES | | | | | |
| AUTO 1 | | | | | |
| $ 30 DAY/ | | | | | $ 18.00 |
| $ 900 MAX | | | | | |
| #LIMITS NON-STACKED | | | | | $ 148.00 |
| FL PERSONAL INJURY PROTECTION | | | | | |

## STATEMENT OF LIABILITY INSURANCE

I, Daniel J. Lynch, Branch Claims Manager, state the following concerning each known policy of insurance, including Excess or Umbrella insurance:

1. The Name of Insurer: Amica Mutual Insurance Company
2. The Name of Each Insured: Carol Macpherson
3. Limits of Liability Coverage: $10,000 PIP, No Med Pay, $1,000,000/$1,000,000 UM (non-stacked)
4. Other liability insurance known: None known at this time
5. Policy or Coverage Defenses: None known at this time

Attached hereto is a true and complete copy of the above referenced policy

FURTHER AFFIANT SAVETH NOT.

Daniel J. Lynch

Branch Claims Manager


STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

Sworn to and subscribed before me this 14 day of March 2016 by Daniel Lynch

Signature of Notary Public

Notary Public State of Florida
Sherry C Fee
My Commission FF 241047
Expires 08/20/2019

Personally Known ✓ or Produced Identification_____

Type of identification produced_____.